**FILED**
**Jul 05, 2019**
**11:00 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Ruben Diaz,** | ) | **Docket No. 2019-06-0263** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 9687-2019** |
| | ) | |
| **Create and Construct, LLC,** | ) | |
| **Uninsured Employer.** | ) | **Judge Kenneth M. Switzer** |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court held an expedited hearing on July 2 on Ruben Diaz's request for medical and temporary disability benefits.[1] The present focus is whether Mr. Diaz suffered an injury arising primarily out of and in the course and scope of employment with Create and Construct. If so, then the question is to which benefits is he entitled. The Court holds he suffered an injury arising primarily out of his employment and orders Create and Construct to provide a panel of orthopedic specialists as well as payment of medical bills incurred for this injury. However, on the present record, Mr. Diaz is not entitled to temporary disability benefits.

### Claim History

Mr. Diaz is a Davidson County resident. He testified that in August 2018, he began working for Create and Construct. On December 30, 2018, he injured his left rib and back while demolishing a floor at work.[2] He slipped and fell as he pulled a cart

---

[1] Mr. Diaz's principal language is Spanish. A certified court interpreter interpreted at the hearing and also translated Mr. Diaz's affidavits into the record.

[2] The Petition for Benefit Determination, Dispute Certification Notice and Affidavit accompanying the hearing request list an injury date of November 30, 2018. However, the Compliance investigator's report lists December 30, 2018, as the date of injury. The emergency room records likewise contained histories that Mr. Diaz became injured on December 30. Mr. Diaz clarified the date of injury in his second

containing concrete up a wet, wooden ramp.

The next day, Mr. Diaz returned to the jobsite and reported the injury to Lance Pettyjohn, one of Create and Construct's owners. Mr. Pettyjohn refused to offer treatment. Mr. Diaz then went to the hospital. Records from that visit stated that he "presents for left posterior back pain after a slip and fall while at work carrying concrete down a ramp using a wheel barrel [sic]." Providers diagnosed left-rib pain and took him off work for two days. They told him to follow up with his primary care physician or to return if his pain worsened. It did, so Mr. Diaz sought emergency care on January 5, 2019, at which time providers diagnosed a rib fracture and excused him from work through January 7. He filed no additional treatment records.

Mr. Diaz filed a Petition for Benefit Determination on February 1, 2019, alleging he suffered a back injury and fractured rib. Because he also alleged that Create and Construct is uninsured, the Bureau referred the case to its Compliance Unit.

Per a written report, a Compliance investigator interviewed Brendon Glean, the co-owner of Create and Construct, who said that Mr. Diaz was a subcontractor. The business owners are on the Workers' Compensation Exemption Registry.

Mr. Diaz testified in his affidavit and at the hearing regarding his status as an employee. He stated that Mr. Pettyjohn ordered "what to do at work." Mr. Pettyjohn also controlled the work hours, told them where to go to work, and paid them weekly by company checks. Mr. Diaz introduced copies of two of his paychecks bearing Mr. Pettyjohn's signature. He said they paid him at an hourly rate, and he never worked under a contract. The Compliance investigator's report generally substantiates these contentions.

Mr. Diaz incurred bills that he said were for treatment of the work injury. They included $220.07 to Southern Hills Medical Center for emergency room care and $844.00 to the emergency physician, Dr. Drew Flansbaum, both for dates of service of December 31, 2018.[3] Mr. Diaz asked the Court to order Create and Construct to pay these bills. He testified that he currently works for a different employer for a lower rate of pay because he is unable to lift heavy objects due to pain and fear of re-injury. He also seeks temporary total disability benefits.

---

affidavit as December 30, 2018.

[3] Mr. Diaz additionally filed a bill from Radiology Alliance. However, the bill does not list a date of service. The Court declined to admit it into evidence because the bill is not clearly related to treatment of the December 30 accident. Mr. Diaz may obtain additional documentation to establish that the bill relates to this injury at the final compensation hearing.

Create and Construct did not appear at the hearing, despite receiving a certified-mail notice. Per the Dispute Certification Notice, its owners contest compensability.

**Findings of Fact and Conclusions of Law**

Mr. Diaz must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, he must establish that his injury arose primarily out of and in the course and scope of his employment with Create and Construct. Tenn. Code Ann. § 50-6-102(14).

Mr. Diaz credibly testified regarding the events of December 30, 2018. The Court finds that he slipped on a wet ramp pushing a heavy wheelbarrow while working for Create and Construct, resulting in injury and the need for medical treatment. Create and Construct's owners did not appear at the hearing to contradict Mr. Diaz's testimony. Further, the hospital records documented a history similar to his testimony. Therefore, the Court holds Mr. Diaz is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of employment with Create and Construct.

According to the Dispute Certification Notice, Create and Construct argued the following defense at mediation: "The employer asserts that he is on the exempt registry and did not have workers [sic] compensation." Create and Construct did not appear at the hearing to raise this as a defense or clarify the mediator's statement on the Dispute Certification Notice. Importantly, Tennessee Code Annotated section 50-6-110 lists the affirmative defenses available to employers. A worker's or employer's presence on the Registry is not among them. Rather, Tennessee Code Annotated section 50-6-902(a) requires all construction services providers to carry workers' compensation insurance. Create and Construct, a construction service provider, was required to carry insurance, which it failed to do.[4]

The Court now turns to the requested benefits. Mr. Diaz seeks medical benefits. Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide, free of charge to the employee, medical treatment made reasonably necessary by the work accident. Mr. Diaz credibly testified that he continues to experience pain from the work injury. Thus, the Court orders Create and Construct to offer a panel of three independent, reputable orthopedic specialists as required under section 50-6-204(a)(3)(A)(i). Further, Mr. Diaz introduced medical bills and testified that he incurred them for treatment relating to the work injury. The Court finds the treatment reasonable,

---

[4] Although the Compliance investigator's report addresses whether Mr. Diaz worked as an employee or subcontractor, the Dispute Certification Notice does not list this as a defense. Therefore, the Court need not address it.

necessary and related to the accident. Therefore, Create and Construct must pay $220.07 to Southern Hills Medical Center and $844.00 to the emergency physician.

As for Mr. Diaz's request for temporary disability benefits, Tennessee Code Annotated section 50-6-205(a) states that no compensation shall be allowed for the first seven days of disability. The emergency room providers took him off work for two days at the first visit and three days at the second visit, totaling five days. Thus, on the present record, Mr. Diaz is not entitled to these benefits.

Finally, concerning payment of benefits, Create and Construct must provide medical benefits. However, since it did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has *discretion* to pay *limited* medical expenses if certain criteria are met. (See attached Benefits Request Form.) Mr. Diaz must establish, through his testimony, medical records, and the Bureau's Compliance report, that he proved or is likely to prove that he: 1) worked for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Create and Construct for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds that Mr. Diaz worked for an uninsured employer, Create and Construct, and that he is likely to prevail at a hearing on the merits that he suffered an injury arising primarily from employment on December 30, 2018. He was a Tennessee resident on that date, and he provided notice to the Bureau within sixty days of his injury and Create and Construct's lack of insurance. This order serves as a judgment for benefits. Mr. Diaz satisfied all of the requirements of section 50-6-801(d).

**IT IS, THEREFORE, ORDERED** as follows:

1. Create and Construct must offer a panel of three orthopedic specialists from which Mr. Diaz may select one to provide treatment of the work injury.

2. Create and Construct must pay $220.07 to Southern Hills Medical Center for emergency care and $844.00 to Dr. Flansbaum.

3. This case is set for a Status Hearing on **August 20 at 9:15 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of issues without your participation.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

4

The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED July 5, 2019.**

_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

### APPENDIX

Exhibits:
1. Affidavit
2. Composite medical records
3. Expedited Request for Investigation Report
4. Text messages between Mr. Diaz and Mr. Pettyjohn/Mr. Glean
5. Paychecks
6. Medical bills
7. Affidavit
8. Notice of expedited hearing and proof of delivery

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on July 5, 2019.

| Name | Certified Mail | Regular Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Ruben Diaz, self-represented employee | X | X | | 401 Sky Gap Court Antioch TN 37013 |
| Create and Construct, LLC, self-represented employer | X | X | | 2715 Bransford Avenue Nashville TN 37204 |
| Compliance | | | X | Lashawn.Pender@tn.gov Amanda.Terry@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6



Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

### REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

Tennessee Bureau of Workers' Compensation
ATTN: UEF Benefit Manager
Uninsured Employers Fund
220 French Landing Drive, Suite 1B
Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
<span style="margin-left:2em">(Print Your Name)</span>

_____                    _____
Signature                                          Date

Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.

LB-3284 (NEW 4/19)                                                    RDA 10183